UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 19 CR. 268 (TSC) |
| v. | : | |
| AIMER ALBERTO ALVARAN POSADA | : | |
| Defendant. | : | |

**DEFENDANT'S UNOPPOSED MOTION FOR
TRANSFER TO CORRECTIONAL TREATMENT FACILITY**

Defendant Aimer Alvaran Posada is pending a trial that is currently scheduled to begin on September 2, 2025. He is currently incarcerated at the Northern Neck Regional Jail in Warsaw, Virginia (after originally being incarcerated at the Alexandria Jail). For the reasons explained herein, counsel requests that this Court direct the U.S. Marshals to transfer the defendant to the D.C. Correctional Treatment Facility (CTF). Undersigned has personally consulted with the lead prosecutor in this case, who does not oppose the request and who indicated that there is no "separation order" in place between the defendant and any other inmate at the CTF.

This request is made to allow defense counsel a sufficient opportunity to effectively represent the defendant. The obstacles involved in traveling to the Northern Neck Jail and reviewing the evidence in this case are becoming insurmountable. The Jail is located approximately 90 miles from downtown Washington, D.C. and because the route involves traveling on Interstate 95 it has taken undersigned counsel as long as three and a half hours to travel southbound to

1

the jail – and during one particularly notable traffic jam, it took almost five hours to return. Moreover, legal visits are limited to the following hours: (1) 8 – 11 a.m.; (2) 1 – 4 p.m.; and (3) 7 – 10 p.m. If counsel arrives at the jail outside of these hours, they are not permitted to enter until the next visitation window begins. This has happened to undersigned counsel several times due to unexpected traffic delays.

In addition to the complexity of traveling to Warsaw, Virginia, the defendant recently advised that there is no air conditioning at the jail and that the internal temperature was so high that he was incapacitated from the heat. All of these factors motivated the filing of this motion.

This Court has the authority to order the transfer of an inmate from one jail facility to another protect the defendant's rights. In United States v. Medina, 628 F. Supp. 2d 52, 53 (D.D.C. 2009), then Chief Judge Lamberth ordered the defendants transferred from the D.C. Jail to the CTF when it "became apparent to the Court that the defendants were not being afforded adequate opportunities to review discovery and meet with their lawyers." The Court also overruled the Department of Corrections (DOC) objection to the order, noting that:

> Not only does the Court have jurisdiction in this case, but there are sound reasons why the DOC should heed Court orders regarding inmates. In some cases, DOC is not aware of all of the circumstances of a particular case; for example, in some cases a defendant may be cooperating with the government or have received threats from another inmate and will be in physical danger if he/she is not transferred to another facility.

Medina, 628 F. Supp. 2d at 55.

Counsel does not request this relief lightly. But in order to provide effective counsel to the defendant, undersigned believes that a transfer to a closer location is necessary and appropriate.

An appropriate draft Order is attached hereto.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20004
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitellaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent via ECF to NDDS Trial Attorneys Douglas Meisel and Joshua Katcher, this 8th day of July, 2025.

*Robert Feitel*

_____

Robert Feitel